## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

SMITH MARITIME INC             CASE NO.  6:22-CV-05273

VERSUS                          JUDGE ROBERT R. SUMMERHAYS

CASEY MCCONVILLE           MAGISTRATE JUDGE DAVID J. AYO

## MEMORANDUM RULING AND ORDER

Before the Court is SMITH MARITIME, INC.'S MOTION TO STRIKE CASEY MCCONVILLE'S JURY DEMAND filed by Plaintiff/Counter-Defendant Smith Maritime, Inc.  (Rec. Doc. 15).  Defendant/Counter-Plaintiff Casey McConville filed an opposition (Rec. Doc. 19) to which Smith replied (Rec. Doc. 20).  The motion is fully briefed and ripe for ruling.  For the reasons below, the motion is GRANTED and the jury demand asserted by Smith in his FIRST SUPPLEMENTAL AND AMENDING COMPLAINT (Rec. Doc. 14) is STRICKEN.

### I.     Factual and Procedural Background

Smith filed a Complaint for Declaratory Judgment alleging that McConville was in its employ on March 20, 2022 aboard the *Capt. Latham*, a tugboat owned and operated by Smith.  (Rec. Doc. 1 at ¶ 5).  Smith claimed to have sustained injuries when he fell while carrying personal exercise equipment belonging to another crewmember.  (*Id*. at ¶ 8).  McConville allegedly did not disclose to Smith his pre-existing health conditions, prior surgeries, physical limitations, and disabilities when he was hired by Smith in late February 2022 before the March 2022 accident.  (*Id*. at ¶ 14).  According to Smith's complaint, which includes a Rule

1

9(h) designation, McConville's alleged misrepresentations constitute grounds for Smith to deny maintenance and cure benefits to McConville pursuant to *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).  (*Id.* at ¶ 15).  Under *McCorpen*, "Maintenance may be awarded by courts even where the seaman has suffered from an illness pre-existing his employment, but there is a general principle that it will be denied where he knowingly or fraudulently conceals his illness from the shipowner."  396 F.2d at 548.

McConville filed an answer and counterclaim.  (Rec. Doc. 6).  The counterclaim alleged that McConville was a Jones Act seaman working in the course and scope of his employment as a seaman in navigable waters and that he was injured due to Smith's negligence and the unseaworthiness of the *Capt. Latham*.  (*Id.* at ¶ 6).  A jury trial was not requested in this pleading.  Given the filing of an answer by McConville, a Scheduling Order was issued setting a trial date and various deadlines.  (Rec. Doc. 7).

On June 17, 2023, the parties jointly filed their Rule 26(f) report.  (Rec. Doc. 9).  The report noted the "type of trial" as "bench" and that the matter is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).  (*Id.* at 1).  With respect to any further amendments, McConville stated that he did not anticipate any further amendments but reserved the right to amend and/or add additional parties.  (*Id.* at § 6).  Six months later and eight months after the original counterclaim was filed, McConville filed a MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDING COUNTERCLAIM.  (Rec. Doc. 12).

The motion stated that "undersigned has requested consent from counsel for [Smith] who does not procedurally object to the Motion for Leave, but [Smith] reserves the right to contest [McConville's] entitlement to a jury trial." *Id*.  The proposed amended pleading, inadvertently captioned as FIRST SUPPLEMENTAL AND AMENDING COMPLAINT, sought to add only the following allegation: "As a Jones Act seaman, plaintiff [sic] hereby asserts his right to trial by jury." (Rec. Doc. 12-2). The Court granted leave (Rec. Doc. 13), and the amended counterclaim (Rec. Doc. 14) was filed into the record.  Smith responded with the instant motion.  (Rec. Doc. 15).  Shortly after the instant motion was filed, the parties filed a JOINT MOTION TO CONTINUE TRIAL AND FOR SCHEDULING CONFERENCE seeking a continuance due to the instant motion and the need for additional time to conduct discovery.  (Rec. Doc. 17).  Judge Summerhays granted the motion and referred the matter to the undersigned for a scheduling conference upon resolution of the instant motion. (Rec. Doc. 18).

## II.    Law and Analysis

Rule 38(b) entitles a party to a jury trial on any issue triable by a jury if a demand is made by "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served."  Under Rule 38(d), "A party waives a jury trial unless its demand is properly served and filed."  There is no dispute that McConville made his request for a jury trial on his counterclaim in an untimely fashion; therefore, his right to a jury trial is subject to waiver.  *See generally Cambridge Integrated Servs.*

*Group, Inc. v. Concentra Integrated Servs., Inc.*, 2010 WL 4736171 at *1 (W.D. La. Nov. 16, 2010) ("The Seventh Amendment right to a civil jury trial is not absolute and may be waived if the request for a jury is not timely.").

When no demand is made as provided by Rule 38, Rule 39(b) provides, "Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." The question of permitting McConville's untimely jury trial demand under Rule 39(b)—whether challenged in the first place in response to a motion seeking leave to assert such a right or, as here, in a motion to strike— requires an exercise in discretion by the Court. "In exercising its discretion, a district court should grant an untimely request for a jury trial 'in the absence of strong and compelling reasons to the contrary.'" *Mason v. Faul*, 2017 WL 1260284 at *2 (W.D. La. March 31, 2017) (citation omitted). The Fifth Circuit has distilled five factors to guide the inquiry:

(1) Whether the case involves issues which are best tried to a jury;

(2) Whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;

(3) The degree of prejudice to the adverse party;

(4) The length of the delay in having requested a jury trial; and

(5) The reason for the movant's tardiness in requesting a jury trial.

*Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). The Court's consideration of the five factors militates in Smith's favor.

With regard to the first factor, the right to a jury trial here is in connection with a counterclaim in response to a declaratory judgment action asserting a *McCorpen* defense.  McConville's opposition does not cite authority recognizing a jury trial on a counterclaim in such actions.  Smith directs the Court's attention to Judge Guidry's decision in *D&S Marine Serv., LLC v. Encarnacion*, 2020 WL 409635 (E.D. La. Jan. 24, 2020).   In that case, an employer filed a declaratory judgment action within the meaning of Rule 9(h)—hence no jury trial was requested—against an employee alleging that the employer had no obligation to pay maintenance and cure.  The employee filed an answer and counterclaim asserting Jones Act and general maritime claims and requested a jury trial.  An amended counterclaim asserted a claim for maintenance and cure and again requested a jury trial.  The employer filed a motion to strike "contending that it is well-settled within the Fifth Circuit that a plaintiff's invocation of the admiralty jurisdiction precludes a trial by jury."  2020 WL 409635 at *1.  In granting the motion, the Court noted that both parties had invoked the Court's admiralty jurisdiction, including the procedural consequence of a non-jury trial.  *Id.*

The Court agrees with the conclusion in *D&S*.  McConville mentions *D&S* in its opposition but his distinction does not justify a different conclusion.  (*See* Rec. Doc. 19 at 5).  Whereas both the original and amended counterclaims in *D&S* both included jury demands, McConville's original counterclaim did not.  Also, the Court's independent research yields authority addressing *McCorpen* defense claims with counterclaims by employees in the context of bench trials but not jury trials.

*See generally Atl. Sounding Co., Inc. v. Petrey*, 402 Fed. App'x 939 (5th Cir. 2010) (affirming district court's judgment after bench trial in favor of employer on *McCorpen* defense where employee filed Jones Act counterclaim); *Adriatic Marine, LLC v. Harrington*, 442 F. Supp. 3d 929 (E.D. La. 2020) (granting summary judgment to employer on *McCorpen* claim where counterclaim was asserted and noting that court had limited discretion to decide motion on same evidence since case would be tried to the bench).

With regard to the second factor, the filing of the instant motion was a basis in part for the parties' motion to continue the trial date, which was set upon the filing of McConville's original counterclaim and did not include a jury demand. With regard to the third factor, the Court can discern no prejudice to Smith if the counterclaim proceeds to a jury trial save for the fact that it would be quite unprecedented.  With regard to the fourth factor, the amended counterclaim (Rec. Doc. 12) seeking a jury trial was filed eight months after McConville's original counterclaim (Rec. Doc. 6) and approximately seven months after the entry of the Scheduling Order (Rec. Doc. 7).  With regard to the fifth factor, McConville provides no reason for the tardiness in requesting a jury trial.  In consideration of the *Daniel* factors as discussed above, the Court finds that it improvidently exercised its discretion in granting leave to amend.

### III.    Conclusion

Based on the foregoing,

IT IS ORDERED that SMITH MARITIME, INC.'S MOTION TO STRIKE CASEY MCCONVILLE'S JURY DEMAND filed by Plaintiff/Counter-Defendant Smith Maritime,

Inc.   (Rec. Doc. 15) is GRANTED and that Defendant/Counter-Plaintiff Casey McConville's jury demand asserted in his amended counterclaim (captioned as FIRST SUPPLEMENTAL AND AMENDING COMPLAINT) (Rec. Doc. 14) is STRICKEN. Given the Court's ruling herein, the order granting leave to file the amended counterclaim (Rec. Doc. 13) is VACATED.   A separate order setting a scheduling conference will issue in due course.

THUS DONE in Chambers on this 27th day of February 2024.

_____
David J. Ayo
United States Magistrate Judge